**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01082-WJM

JAMMIE C. KNIGHT,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER AFFIRMING DECISION OF THE COMMISSIONER**

---

This matter is before the Court on Plaintiff Jammie C. Knight's appeal from the final decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff has filed his Opening Brief (ECF No. 20), the Commissioner filed a Response (ECF No. 22), and Plaintiff filed a Reply (ECF No. 23). The Commissioner has also filed the administrative record. (ECF No. 14.) On December 23, 2011, this action was reassigned to the undersigned. (ECF No. 24.) After carefully analyzing the briefs and the administrative record, the Court AFFIRMS the final decision of the Commissioner.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

**II. BACKGROUND**

Plaintiff was born in 1983 and worked in the past as a night janitor, where he

vacuumed and cleaned, among other duties.  (ECF No. 14 at 49.)  Plaintiff alleges that he became disabled beginning on December 1, 2005, due to nerve damage, back problems, an ulcer, mobility problems, heart problems, and high blood pressure.  (*Id*. at 192, 215.)  Plaintiff has been diagnosed with posttraumatic stress disorder ("PTSD"), cognitive disorder, depressive disorder, antisocial personality traits, and alcohol dependence.  (*Id*. at 329, 361.)

In 2006, Plaintiff filed an application for Social Security disability insurance benefits and supplemental security income.  (*Id*. at 186-93.)  On September 21, 2009, Plaintiff, represented by an attorney, attended and gave testimony at an administrative hearing regarding his application.  (*Id*. at 37-76.)  In October 2009, Plaintiff's application was denied.  (*Id*. at 17-30.)

On October 14, 2009, Administrative Law Judge Blaine L. Boyens (the "ALJ") issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id*. at 17-30.)  The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*).  Under Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (*Id*. at 19.)  At Step 2, the ALJ determined that Plaintiff had a number of severe impairments, including cognitive disorder, PTSD, depressive disorder, antisocial personality traits, and alcohol dependence.  (*Id*. at 20.)  Under Step 3, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any presumptively disabling listed impairment.  (*Id*.)  Also under Step 3, the ALJ determined that Plaintiff had a residual functional

capacity ("RFC") for work at all physical levels, but was limited to work that required understanding, remembering, and carrying out only simple instructions and that required supervision and interaction with co-workers only if contact was not frequent or prolonged. (*Id*. at 21.)

Under Step 4, the ALJ found that Plaintiff had no past relevant work. (*Id*. at 28.) Finally, under Step 5, as a result of the RFC assessment, and considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 28.)

Plaintiff appealed the ALJ's decision, and the Appeals Council denied his appeal. (*Id.* at 5-8.) Plaintiff then appealed that decision by initiating this administrative appeal on April 22, 2011. (ECF No. 1.)

### III.  ANALYSIS

**A.     Standard of Review**

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992). The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553,

556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

Further, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

B.   **Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act

are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not

disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

**C.     Discussion**

Plaintiff argues that the ALJ erred because he: (1) denied Plaintiff due process of law; (2) did not find an unnamed impairment severe at step two; (3) discounted Plaintiff's subjective statements; (4) failed to comply with the Appeals Council's remand order; (5) failed to comply with the treating physician rule; (6) assessed a RFC that is not supported by substantial evidence; and (7) made a findings at step four regarding Plaintiff's past relevant work that is not supported by substantial evidence. In response, the Commissioner contends that the ALJ's findings were supported by substantial evidence and free of legal error.

"[T]he final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1992); *see also* 20 C.F.R. § 404.1527(e) (medical source opinions on issues reserved to the Commissioner, such as whether a claimant is "disabled" or "unable to work," are not entitled to "any special significance"). "The ALJ, not a physician, is charged with determining a claimant's residual functional capacity

[RFC]." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). The ALJ is also responsible for weighing the evidence and resolving any conflicts. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Further, when determining a plaintiff's credibility and assessing his RFC, the ALJ must consider all of the evidence, both medical and non-medical. *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); 20 C.F.R. § 404.1546 (the ALJ makes the RFC assessment based upon all evidence before him).

The Court has thoroughly reviewed the record before it and finds that the ALJ's decision applied the correct legal standards and is supported by substantial evidence. Moreover, the ALJ properly reviewed and evaluated the relevant objective medical evidence, medical source opinions, and non-medical evidence in this case before finding that Plaintiff was not disabled within the meaning of the Social Security Act.

First, Plaintiff's argument that he was denied due process lacks merit. Due process requires "notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to [respond appropriately]." *Kiiker v. Astrue*, 364 F. App'x 408, 411-12 (10th Cir. 2010) (internal quotation and citation omitted). The record is clear that Plaintiff was represented by an attorney at the September 2009 administrative hearing, and was given notice of the pendency of the action and an opportunity to respond appropriately. (ECF No. 14 at 37-79, 110-13, 133, 271, 355-63.) *See also Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (internal citation and quotation marks omitted) ("[W]here the claimant was represented by counsel at the hearing before the ALJ, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and

present claimant's case in a way that the claimant's claims are adequately explored . . ."). Thus, there is no evidence of lack of due process.

Next, despite Plaintiff's arguments to the contrary, the ALJ discussed and explained in detail the weight he gave to Plaintiff's medical opinion evidence. (ECF No. 14 at 20, 322, 329, 229, 261.) In reaching his conclusions, the ALJ properly considered the opinions from all the medical professionals, and reasonably discounted the full opinions of consultative examiner Dr. Maximillian Wachtel and a nurse practitioner, instead giving greater weight to the opinions of Dr. Meredith Campbell and Dr. David Benson, who opined that Plaintiff's only significant limitation was in relating to co-workers and supervisors. (*Id*. at 26-28, 325-29, 340, 362.) The ALJ reasonably also discounted Plaintiff's subjective complaints, articulating specific reasons supported by substantial evidence. (*Id*. at 23-25, 49, 231-33, 335.) *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Human Servs*., 898 F.2d 774, 777 (10th Cir. 1990)) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."). Moreover, the ALJ stated that he considered "the entire record" in assessing Plaintiff's RFC. (*Id*. at 21.) As such, substantial evidence supports the ALJ's medical conclusions and RFC assessment.

Further, the ALJ's reliance on a vocational expert to determine that an individual with Plaintiff's age, education, and work history could perform work that required understanding, remembering, and carrying out simple instructions and that required supervision and interaction with co-workers only if contact was not frequent or prolonged, was not error. (*Id*. at 28-29.) The vocational expert provided the codes for

those jobs, and the numbers of those jobs available in Colorado and in the national economy. (*Id.*) This evidence supported the ALJ's findings that Plaintiff could perform work existing in significant numbers. See *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (when findings regarding a claimant's impairment are adequately reflected in the ALJ's hypothetical questions to the vocational expert, the vocational expert's testimony constitutes substantial evidence to support the ALJ's related determination). Therefore, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff can perform the work described above. See *Hedstrom*, 783 F. Supp. at 556 (stating that "substantial evidence" requires more than a scintilla of evidence but less than a preponderance of the evidence).

The Court further finds that Plaintiff's remaining arguments lack merit.

Finally, the Court notes that Plaintiff, at age 29, has a minimal documented medical history. If Plaintiff were to actively and regularly seek medical treatment and services, and follow the advise of a regular treating physical and mental health expert, Plaintiff may be in better position in the future to either successfully complete work that he is physically able to perform, or reapply for disability insurance benefits and supplemental security income with the benefit of a more detailed and complete medical history.

Accordingly, for the reasons stated above, the Courts finds that the ALJ's decision applied the correct legal standards and is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that the Commissioner's

final decision is AFFIRMED.  Each party shall bear his own fees and costs.

Dated this 5th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge